IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TERRY C. JOHNSON, #B45089,**        )
                                      )
        **Plaintiff,**        )
                                      )
**vs.**                               )        **CIVIL NO. 10-071-GPM**
                                      )
**LISA SHEMONIC,** *et al.***,**      )
                                      )
        **Defendants.**       )

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff Terry C. Johnson, formerly an inmate in the Menard Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

---

[1] Johnson was paroled in December 2009, prior to filing this action.

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

The factual allegations of this action are fairly simple.  In September 2008, Johnson ordered some pornographic magazines from WPE Books and Magazines, and the necessary funds were transmitted from his prison account.  Shortly after placing the order, Johnson received notice from WPE that his requested magazines contained some images of penetration.  To comply with Illinois Department of Corrections (IDOC) policy, Johnson transmitted another $5.00 to have the publications edited.

In November 2008, Johnson's magazines were reviewed by Defendant Lisa Shemonic, the Publication Review officer, who recommended that the magazines be denied "due to penetration." Her recommendation was signed by Defendant Hulick two days later.  Johnson alleges that Hulick did not specifically check the "I concur" line on the form, and thus he argues that Hulick implicitly did *not* concur with Shemonic's recommendation.[2]

Johnson complained to his counselor, to Shemonic, and to Hulick about this perceived inconsistency and demanded his magazines.  Shemonic responded, advising Johnson that his magazines were being withheld pursuant to a Department rule prohibiting publications that have been redacted, altered, or otherwise modified from the original published version.  In a second response, Shemonic also advised Johnson that two of his magazines already were included on the

---

[2] A copy of this form was not submitted as an exhibit with the complaint.

Department's "disapproved" list (which is centrally managed by Defendant Anderson), and the others soon would be included on the list by the Central Review Committee in Springfield.

Out of this situation, Johnson sets forth six distinct substantive claims, seeking declaratory relief, injunctive relief, and an unspecified amount of compensatory and punitive damages.

### COUNT 1 – DENIAL OF PUBLICATIONS

Johnson's first claim is that by denying him access to his magazines, Defendants acted in violation of his rights under the First and Fourteenth Amendments. At issue are the Illinois regulations that set forth the procedures for screening inmate publications. Those regulations provide that publications may be rejected for many reasons, including a finding that it is "obscene" or "includes sexually explicit material that by its nature or content poses a threat to security, good order, or discipline or it facilitates criminal activity." 20 Ill. Admin. Code § 525.230(b). The regulations also provide procedures for an inmate to challenge the rejection of his publications. 20 Ill. Admin. Code § 525.230(c).

Unquestionably, "[p]risons have great latitude in limiting the reading material of prisoners." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see generally Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987). With respect to the specific Illinois regulations at issue in this case, the Seventh Circuit has found them to pass constitutional muster. With respect to the procedural due process issues, the Court of Appeals stated:

> In *Procunier v. Martinez*, 416 U.S. 396, 418-19 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court stated that the decision to censor inmate mail must be accompanied by minimum procedural safeguards, including notice of censorship to the sender and recipient of the mail, and an opportunity to protest to an official other than the censor. In this analogous situation, the defendants complied with these procedures. The plaintiff received notice, and had an opportunity to appeal the denial to the IDOC Central Publication Review Committee. The rejection of the magazines did not deprive the plaintiff of

due process.

*Smith v. Donohue*, 977 F.2d 585 (Table), No. 91-1647, 1992 WL 238340 (7th Cir. Sept. 24, 1992) (unpublished) (internal footnote omitted). The Court of Appeals then addressed, at length, the plaintiff's substantive challenge that the restriction of certain publications violated the First Amendment.

> The plaintiff's challenge to the IDOC's guidelines is also without constitutional merit. In *Turner v. Safley*, 482 U.S. 78 (1987), *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987), and most recently, *Thornburgh v. Abbott*, 490 U.S. 401 (1990), the United States Supreme Court directly addressed the standard of review appropriate for prison regulations which impinge on inmates' constitutional rights. In each of these cases the Supreme Court rejected the application of "strict scrutiny" analysis to this type of prison regulation. Instead, the Court decided that the prison regulation must only pass a "reasonable relationship" test. *See, e.g., Thornburgh*, 490 U.S. at 404.
>
> The *Turner* Court affirmed federal regulations permitting wardens, pursuant to specified criteria, to reject incoming publications deemed to be "detrimental to the security, good order, or discipline of the institution or [which] might facilitate criminal activity." Re-emphasizing the deference due prison administrators, the Court utilized the factors set forth in *Turner* in determining "reasonableness": first, whether the governmental objective is legitimate and neutral; second, whether inmates have alternative means of exercising their First Amendment rights; and third, the impact that accommodation of the asserted right will have on others, such as inmates and guards, in the prison. *Thornburgh*, 401 U.S. at 414-418. The obscenity regulation challenged here, typical of most prison systems, passes constitutional muster.
>
> In the instant case, prison rules dictate that the Committee
>
>> shall only prohibit acceptance of any material it finds to be: (1) Obscene, according to the definition of obscenity established by the U.S. Supreme Court; or (2) A clear and present danger to the physical safety and security of persons and property within the facility.
>
> Section 525.230(c). The regulation serves the legitimate and neutral objective of jail security: "it is rational for [prison officials] to exclude materials that, although not necessarily 'likely' to lead to violence, are determined by [prison officials] to create an intolerable risk of disorder under the conditions of a particular prison at a particular time." *Thornburgh*, 401 U.S. at 417. Inmates also have alternative means

>of exercising their First Amendment rights, by receiving publications not deemed inappropriate in the prison setting. Finally, this court defers to prison officials' judgment that accommodating inmates' requests for hard-core pornography would jeopardize institutional interests.

*Smith*, 977 F.2d 585, 1992 WL 238340, at *5.

In the instant case, Johnson concedes that the publications at issue contained images of penetration, which certainly constitutes sexually explicit material. *See* 20 Ill. Admin. Code § 525.230(b)(6). As explained by the Seventh Circuit, material of this nature may be prohibited in prison, and thus no First Amendment violation occurred.[3] Moreover, Johnson was afforded an opportunity to challenge the rejection of his magazines; thus, he was not deprived of procedural due process. Thus, Johnson has failed to state a claim upon which relief may be granted, and Count 1 is dismissed with prejudice from this action.

### COUNT 2 – RETALIATION

Johnson next alleges that Defendants' actions were taken in retaliation for his filing of grievances over this matter. However, the action he complains of – rejection of his publications – was undertaken *before* Johnson filed grievances challenging that rejection. Defendants could not possibly have retaliated against Johnson for grievances that he had not yet filed. The fact that Defendants denied his grievances and provided further reasons for rejection of his publications does not support a claim of retaliatory motivation. Johnson has failed to state a claim of retaliation, and Count 2 is dismissed with prejudice.

---

[3] According to IDOC records, Johnson is a registered sex offender. *See* http://www.idoc.state.il.us/subsections/search/inms.asp (accessed Sept. 27, 2010). Nothing in the complaint indicates whether the underlying nature of his criminal actions was a factor in determining whether to allow him access to the publications.

### COUNT 3 – EQUAL PROTECTION

Johnson asserts that Defendant Shemonic acted in a vindictive manner and discriminated against him for complaining. Essentially this allegation is the same as his claim of retaliation, which is discussed and dismissed above in Count 2. Count 3 also is dismissed with prejudice.

### COUNT 4 – UNREASONABLE SEIZURE

Johnson next asserts that rejection of his magazines constitutes an unlawful seizure of his property. The only constitutional right that might be implicated by these facts is Johnson's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Johnson has no claim under Section 1983, and Count 4 is dismissed with prejudice.

### COUNT 5 – EQUAL PROTECTION

Johnson asserts another, slightly different equal protection theory: he claims that his publications were denied because he is African-American, and the publications allegedly depicted Caucasian women.

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth

Amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.*

Johnson makes no allegation that he, as an African-American, was treated differently in this situation than other inmates of different races. Thus, he has failed to state a claim upon which relief may be granted, and Count 5 is dismissed with prejudice.

### COUNT 6 – CONSPIRACY

Johnson's final substantive claim is that Defendants Shemonic and Anderson conspired to deprive him of his constitutional rights by denying him his publications.

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). However, under the intra-corporate conspiracy doctrine, a § 1985 conspiracy claim "cannot exist between members of the same entity. *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir. 1999). Johnson alleges that Defendants are members of the same entity, the Illinois Department of Corrections, and that they were all working in the IDOC's interest. Therefore, Shemonic and cannot be sued under § 1985 conspiracy. *See id.*; *see also Wright v. Illinois Dept. of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). Finally, conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

Johnson has failed to state a claim upon which relief may be granted, and Count 6 is

dismissed with prejudice.

### DISPOSITION

None of Johnson's substantive claims survives review under § 1915A. It necessarily follows that his claims for declaratory relief (Count 7) and injunctive relief (Count 8) are dismissed.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are **denied as moot**. Johnson is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 09/30/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge